UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STEVEN ASTRIN,

                     Plaintiff,

-against--

MAHARAM FABRIC CORP.,

                     Defendant.
-----------------------------------------------------------X

MEMORANDUM AND ORDER

CV-11-4482
(Wexler, J.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 19 2013 ★
LONG ISLAND OFFICE

BRACKEN MARGOLIN BESUNDER, LLP
BY: PATRICIA MEISENHEIMER, ESQ.
1050 Old Nichols Road, Suite 200
Islandia, New York 11749
Attorneys for Plaintiff

CLIFTON BUDD & DEMARIA, LLP
BY: GEORGE F. BRENLLA, ESQ.
420 Lexington Avenue Suite 420
New York, New York 10170-0089
Attorneys for Defendant

WEXLER, District Judge:

This is an employment discrimination action commenced by Plaintiff Steven Astrin ("Plaintiff") against his former employer, Maharam Fabric Corp. ("Maharam" or "Defendant"). Plaintiff alleges federal claims pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12102 (the "ADA"), as well as parallel state law claims pursuant to the New York State Human Rights Law (the "NYSHRL"). Both the ADA and NYSHRL claims assert failure to accommodate, and unlawful termination in retaliation for Plaintiff's request for an accommodation.

In a Memorandum and Opinion dated January 9, 2013, this court denied Defendant's motion for summary judgment. That decision held that summary judgment was precluded because of questions of fact concerning: (1) Plaintiff's ability to perform his job, with or without reasonable accommodation

1

and (2) whether the request for accommodation caused Plaintiff's termination. Astrin v. Maharam Fabric Corp., 2013 WL 139189 *3 (E.D.N.Y. 2013).

Presently before the court is Defendant's motion in limine seeking to preclude Plaintiff from presenting evidence with respect to wages on the ground that he has not engaged in any search for alternative employment and has therefore failed to mitigate damages.

## Discussion

I. Duty to Mitigate

A plaintiff alleging employment discrimination has a duty to mitigate damages. Greenway v. Buffalo Hilton Hotel, 143 F.3d 47 (2d Cir. 1998). An employer seeking to avoid a lost wages award bears the burden of demonstrating that a plaintiff has failed to mitigate. Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Center, 2013 WL 1908283 (2d Cir. 2013); Broadnax v. City of New Haven, 415 F.3d 265, 268 (2d Cir. 2005). "This may be done by establishing (1) that suitable work existed, and (2) that the employee did not make reasonable efforts to obtain it." Id., quoting, Dailey v. Societe Generale, 108 F.3d 451, 456 (2d Cir.1997). Pursuant to Greenway v. Buffalo Hilton Hotel, 143 F.3d 47 (2d Cir.1998), an employer "is released from the duty to establish the availability of comparable employment if it can prove that the employee made no reasonable efforts to seek such employment." Id. at 54. Despite language in Greenway with respect to the issue of comparable employment, it is clear that the overall burden with respect to the issue of mitigation remains, at all times, on the employer. Broadnax, 415 F.3d at 268.

II. Disposition of the Motion

At the outset the court notes that back and front pay are equitable remedies that are to be decided by the court and not the jury. Broadnax, 415 F.3d at 271; Shavuo v. Shinseki, 2013 WL 1335645 (S.D.N.Y. 2013). With respect to the issue of mitigation, the court holds that issues of fact as to Plaintiff's efforts to secure alternate employment preclude the grant of the motion in limine at this

time. The court will determine whether to allow wage mitigation evidence to be presented at trial, or whether such evidence shall be held in abeyance pending the jury's determination as to liability. In any event, it will be for the court to consider such evidence if necessary to calculate any lost wages award.

## CONCLUSION

For the foregoing reasons, Defendant's motion in limine is denied. The Clerk of the Court is directed to terminate the motion appearing at docket entry number 36. Due to a change in the court's calendar, jury selection in this matter is hereby adjourned to July 8, 2013 at 9:00 A.M.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
June 19, 2013

3